IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BREITENBACH,<br><br>*Plaintiff,*<br><br>v.<br><br>SAGESTREAM, LLC,<br><br>*Defendant.* | Case No. 2:24-cv-00893-JDW |

## **MEMORANDUM**

When a party seeks to put material under seal, it is up to that party to carry a burden to overcome the public's presumptive right of access to judicial records. As with any other motion, that means making arguments, marshalling the required evidence, and directing the judge to the relevant information. For some reason, lawyers before me tend to treat motions to seal differently from other motions. They often don't submit evidence to establish that disclosure of information will cause a concrete harm, or even spell out those harms. They just rely on generalized assertions of "competitive harm" and expect me either to take their word for it or to parse the record and figure it out for them.

But judges aren't advocates. It's not my job (or any other judge's job) to make a party's arguments for it. Motions to seal pose a bit of a challenge because they are not adversarial in nature, and the party seeking closure of judicial records often faces no opposition from its adversary. Instead, those who have an interest in transparency—the

public—have no representation of their own. So, judges must become "the primary representative[s] of the public interest in the judicial process[.]" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). Among other things, we do that by conducting a careful document-by-document review of every document that a party seeks to shield from the public. We do that with an eye towards balancing the private interests that a movant raises against the public's interest in transparency. But we can't fulfill that role while also trying to ferret out the basis for sealing a document and hypothesizing the harm that might come from its disclosure.

SageStream, LLC claims that I missed information that it provided that should have led me to seal the materials it submitted. I guess we read different submissions. The materials that SageStream provided me when it filed its sealing motion fell short of the required showing. Now, SageStream seeks both to bolster that showing and to retcon the submissions it made. That's not an appropriate use of a reconsideration motion. I will therefore deny its Motion.

## I. RELEVANT BACKGROUND

On March 12, 2025, the Parties filed cross-motions for summary judgment. At the same time, SageStream moved to seal (or redact) its statement of facts, memorandum of law, and certain exhibits filed in connection with the cross-motions for summary judgment. Part of the motion asked me to seal information that SageStream deems commercially sensitive, including a declaration of Seth Partain, and various exhibits to that

declaration. For each of those documents, SageStream claimed that it "contains confidential and proprietary business information of SageStream that it has labeled Confidential, pursuant to the protective order entered in this case." (ECF No. 45-1 at 4-5.) It also argued that the disclosure of the information in those documents "could cause competitive harm to SageStream if disclosed to the public and its competitors." (*Id.* at 7.) It did not provide any more information in its sealing motion to justify its request. It did not cite any declaration, exhibit, or other document in the record that explained what harm SageStream would suffer if the information were disclosed.

On March 17, 2025, I granted SageStream's motion to seal in part and denied it in part. I granted it to the extent SageStream filed materials that disclosed personally identifiable information about Plaintiff James Breitenbach and certain third parties. But I denied SageStream's request that I permit it to redact or seal documents related to its business furnishing credit reports because SageStream failed to meet its burden to demonstrate that disclosing the information would work a clearly defined and serious injury to SageStream. As a result, I ordered SageStream to file unredacted versions of those documents on the public docket.

On March 21, 2025, rather than comply with my Order, SageStream filed a motion for reconsideration, arguing that I "'overlooked evidence and arguments' that support [its] allegations of competitive harm." (ECF No. 49-1 at 5.) To bolster its case, SageStream attaches a new declaration from Mr. Partain. It also cites an expert report of David Kalat,

even though it did not cite Mr. Kalat's report in its initial motion to seal. The reconsideration motion is ripe for disposition.

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Accordingly, a court may reconsider a prior ruling if the moving party shows: "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2021) (same). "[A] motion for reconsideration may address 'only factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019) (quotation omitted). And given "the court's interest in the finality of judgments, motions for reconsideration 'should be granted sparingly ….'" *Id.* (same).

## III. ANALYSIS

The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "A 'judicial record' is a document that 'has been filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Id.* (quotation

4

omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs that presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted).

      Judges have a "solemn duty" to protect public access to judicial records and proceedings. *Binh Hoa Le*, 990 F.3d at 420. To fulfill that obligation, a judge must engage in "[c]areful factfinding and balancing of competing interests" to determine whether "the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Avandia*, 924 F.3d at 673 (quotation omitted). To that end, judges "must 'conduct a document-by-document review' of the contents of the challenged documents." *Id.* (cleaned up). In other words, the primary purpose of the document-by-document review is to guard the public right of access—not to search for additional evidence or arguments to bolster a movant's request for secrecy.

      That's what I did when SageStream filed its motion to seal. Of course, I could only do that based on the information that SageStream put before me. And the information that it put before me fell short of satisfying its burden. Let's review.

SageStream didn't do anything to establish—as a factual matter—that it seeks to seal information that is "the kind of information that courts will protect." *Avandia*, 924 F.3d at 672. Mr. Partain's declaration quotes from the materials and attaches them, but it doesn't say a word about their confidentiality. Instead, SageStream made an unsupported assertion in its brief in support of its sealing motion that the "documents at issue have not been publicly disclosed and were produced in discovery with a confidential designation pursuant to the protective order."[1] (ECF No. 45-1 at 8.) Even though attorney argument is not evidence, I assumed the truth of SageStream's assertion because it didn't matter to my resolution of the motion.

SageStream also did not offer any evidence of the harm that would occur to it if the documents at issue in its motion became public. Its motion and supporting brief are devoid of any showing of harm. It made a vague assertion that it would suffer "competitive harm" (*Id.* at 7), but that's the kind of "[b]road allegation[] of harm, bereft of specific examples or articulated reasoning" that the Third Circuit says falls short. *Avandia*, 924 F.3d at 673.

In its reconsideration motion, SageStream suggests that I overlooked evidence in Mr. Partain's declaration and in Mr. Kalat's expert report that established the need to place

---

[1] The fact that SageStream designated the documents "Confidential" does not prove that they are the type of materials that courts will protect from public disclosure. Parties routinely over-designate materials as "confidential" in discovery, and there's not a judicial check on the designations.

material under seal. There are a few problems with its argument. *First*, neither document addresses the confidential nature of the documents at issue or any competitive harm that might occur if they became public. I reviewed each before ruling on SageStream's motion to seal to understand what SageStream wanted to seal, and I saw that Mr. Partain's declaration references SageStream's Credit Optics product and its code. But not every trade secret is "automatically protected from disclosure[.]" *Alchem USA*, 2022 WL 3043153 at *4 n.7. That's even true of source code. *See Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, No. 19-cv-514, 2021 WL 915721, at *2 (E.D. Pa. Mar. 10, 2021). It's still up to the party seeking to seal something to demonstrate harm from disclosure.

It's telling that neither Mr. Partain's declaration nor the body of Mr. Kalat's expert report uses the words "harm," "injury," or "competitor." Nor does either one describe SageStream's code as "proprietary" or a trade secret. That absence makes this case distinguishable from the Third Circuit's non-binding decision in *Alchem USA Inc. v. Cage*, 21-2994, 2022 WL 304153 (3d Cir. Aug. 2, 2022). In that case, the plaintiff's motion to seal referenced an expert report in the record that explained (1) why certain information constituted trade and secrets and (2) how the plaintiff would be harmed if those trade secrets were disclosed. *See Alchem USA*, 2022 WL 3043153 at *3, *4. Mr. Partain's declaration and Mr. Kalat's expert report do neither.

*Second*, even now, SageStream does not explain how Mr. Partain's declaration or Mr. Kalat's report establishes competitive harm. Instead, it implies that it was my job to

review those documents and then craft arguments as to the harm that SageStream would suffer if the information were disclosed. That's not the law, and that's not what *Alchem* suggests I had to do. That case was a trade secrets case, so the expert report in the record was able to fill in evidentiary gaps that the motion to seal did not address. This case is an FCRA case, so neither Mr. Partain's declaration nor Mr. Kalat's report offers the same lifeline for SageStream, and it's not my job to throw it one. That's not how an adversarial system works. Instead, my job is to confirm whether SageStream met its burden to demonstrate that its privacy interests outweigh the public's right of access to the judicial records SageStream seeks to seal, not to advocate for SageStream. A party seeking closure of judicial records "must make a showing to overcome the presumption, even where such harm may seem obvious to them." *MED-EL Elektromedizinische Gerate Ges.m.b.H. v. Advanced Bionics, LLC*, No. 18-cv-1530, 2021 WL 7209528, at *2 (D. Del. Dec. 2, 2021).

Perhaps recognizing that its initial motion to seal fell short of satisfying its burden, SageStream attaches to its reconsideration motion a "supplemental" declaration from Mr. Partain. Other than being from Mr. Partain, though, it doesn't supplement anything. Instead, it provides **new** information about the harm that SageStream claims it will suffer if these exhibits become public. Even if this were a sufficient showing of competitive harm—which I'm not sure it is—it wouldn't matter because SageStream offered it too late. "[M]otions to reconsider … do not empower litigants … to raise their arguments, piece by

piece." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010)) (quotation omitted). "A party who fails in its first attempt to convince the court of its position may not use a motion for reconsideration to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *United States ex rel. Sirls v. Kindred Healthcare, Inc.*, 536 F. Supp. 3d 1, 4 (E.D. Pa. 2021) (quote omitted).

SageStream had all of the information that is in Mr. Partain's supplemental declaration when it filed its motion to seal. It chose not to present it to me. It cannot use a reconsideration motion to fix that mistake. Indeed, the interest of justice demands that I hold SageStream, and all parties, to this standard to make sure that, going forward, parties put all their evidence before me, rather than assuming they can fill in the gaps with a motion to reconsider. I therefore will not consider Mr. Partain's supplemental declaration.

**IV.    CONCLUSION**

SageStream claims that its "code and policies around the operation of that code are amongst the most sensitive and confidential information maintained by the company" and, as a result, the company expends significant efforts to keep the information confidential. (ECF No. 49-1 at 6.) But you'd never know it by reviewing the motion to seal that SageStream filed in this case. It wasn't my job to try to ferret that out without SageStream directing me to relevant information. And, in any event, nothing that SageStream presented with its initial motion satisfied its burden. If SageStream was so

concerned about the confidentiality of this information, then it should have acted like it and done better when it filed its sealing motion. SageStream wants reconsideration to clean up a mess of its own making, but that's not what motions for reconsideration are meant for, so I will deny the motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 3, 2025